UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW SUH,

                                   Petitioner,

                    -against-

DEPT OF JUSTICE,

                                   Respondent.

22-CV-1079 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

On February 8, 2022, the court received a *pro se* submission purportedly brought by Andrew Suh, who is currently incarcerated at Dixon Correctional Facility in Dixon, Illinois. The submission is a one-page handwritten complaint, naming the Department of Justice as the defendant and alleging the following: "Taxpayer damage or no discrimination by jury a writ of attachment, garnishment an ownership amount of damage is reduce to five millions dollars. I am injured to redress required." (ECF 1.) The envelope containing the complaint was mailed from Los Angeles, California. (*See id.* at 2) (indicating a Los Angeles, California post-mark).

A review of this court's records reveals that the submission, filed in the name of Andrew Suh, was filed by Young Yil Jo ("Jo"). Jo, who is not a stranger to this court, has filed hundreds of actions in both his own name and in the names of other purported plaintiffs.[1] For example, he recently filed an action in the name of Kryst Zawadzki, in which he submitted a one-page

---

[1] Because of Jo's history in this court, by order dated May 6, 2015, the Honorable Loretta A. Preska, in her capacity as then-Chief Judge, enjoined Jo from filing any new civil action or proceeding in this court without first obtaining leave of the court. *See In re Young Yil Jo*, ECF 1:14-CV-7793, 3 (S.D.N.Y. May 6, 2015). In that order, and in a previous January 8, 2015, order, Judge Preska dismissed the actions Jo brought in the names of other purported plaintiffs without prejudice to any civil action the purported plaintiffs wished to bring, and barred Jo from filing any document in this court in the name of another person. ECF 1:14-CV-7793, 2, 3.

handwritten complaint, alleging the same exact facts as alleged in this action, with the same handwriting. *See Zawadawski v. Dep't of Justice*, ECF 1:22-CV-0165, 1. Moreover, Jo has filed in the name of Zawadzki in other district courts.[2]

A review of the Public Access to Court Electronic Records (PACER) system also reveals that an individual, who has not been identified, has filed submissions in Andrew Suh's name in other districts. For example, an unidentified individual filed an action in Suh's name, in the United States District Court for the Eastern District of Missouri. *See Suh v. Trump*, No. 17-CV-0280, 4 (E.D. Mo. Mar. 1, 2017). After learning of the submission from the Eastern District of Missouri, Suh informed that court that the submission was filed without his authorization. *See id.* (Doc. 4, 2/24/17 submission by Suh) ("I want the record to reflect that the complaint was fraudulently filed without my knowledge or consent.").

For all of these reasons, the Court finds that this action was filed by Jo. The Court dismisses this action without prejudice to any civil action that Andrew Suh may wish to bring in this court in the future.

The Court advises Jo that the orders issued in *In re Young Yil Jo*, 1:14-CV-7793 (S.D.N.Y.), remain in effect. Jo is enjoined from filing any new civil action or proceeding in this court without first obtaining leave of the court. Jo also remains barred from filing any document in this court in the name of another person.

---

[2] A review of PACER reveals that Jo filed identical actions, in Zawadzki's name, in the United States District Court for the Central District of California, *see Zawadzki v. U. INS*, ECF 2:21-CV-7933, 1 (C.D. Ca. filed Oct. 4, 2021), and the United States District Court for Middle District of Florida, *see Zawadzki v. INS or Dep't of Justice*, ECF 6:21-CV-1647, 1 (M.D. Fla. filed Oct. 5, 2021).

The Court will continue to dismiss any civil action or proceeding filed by Jo in the name of another person without prejudice to any civil action that person may wish to bring in the future. Should Jo persist in filing civil actions in this court in the name of other persons, the Court may impose additional restrictions and sanctions on him. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action without prejudice to any civil action that Andrew Suh may wish to bring in this court in the future.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Andrew Suh at the address listed on the court's docket, and to Young Yil Jo, at 1932 East Washington Boulevard, Pasadena, California 91104, his address of record in *In re Young Yil Jo*, ECF 1:14-CV-7793 (S.D.N.Y.), and note service on the docket.

SO ORDERED.

Dated:   February 9, 2022
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

3